UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:     CASE NO. 10-10872

MARK JOSEPH OWEN     SECTION "B"
MONIQUE ANGELE OWEN

     DEBTORS     CHAPTER 7
************************************************************************

FAWN MARIE WROTEN,
LYNN M. CUEVAS, KELSEA WROTEN
and FARRAH WROTEN

     PLAINTIFFS

VERSUS     ADV. P. NO. 10-1064

MARK JOSEPH OWEN

     DEFENDANT

## MEMORANDUM OPINION

This matter came before the court on March 14 and 15, 2011 as a trial on the complaint of plaintiffs Fawn Wroten, Lynn Cuevas, Kelsea Wroten and Farrah Wroten to except from discharge a debt pursuant to 11 U.S.C. § 523(a)(9). For the reasons set forth below, the court finds that the plaintiffs did not meet their burden of proof, and the complaint is therefore dismissed.

**I.**     **Background Facts**

This adversary proceeding stems from a tragic boating accident that occurred on July 4, 2000 in which plaintiff Fawn Wroten ("Fawn") sustained serious permanent injuries. A lawsuit for damages was pending in state court, but before it reached trial, the defendant, Owen, filed a petition under Chapter 7 of the Bankruptcy Code, which stayed the state court proceeding.

1

Before the trial began in this court, the parties stipulated that the damages were one million dollars plus costs, leaving only the dischargeability issue for this court to decide. For the most part, the relevant facts are not seriously contested by the parties. On July 4, 2000, Owen and his wife took their two daughters, Fawn, and two or three other children out on the Pearl River where his boat was used to pull three of the girls on an inner tube. At some point, Owen turned his boat sharply and suddenly to avoid running the boat aground, and the three girls being pulled behind the boat at that time, including Owen's daughter, were injured; Fawn was the most seriously injured of the three because her head had slammed into a tree on the shore. Owen's wife and youngest daughter were not on the boat at the time of the accident.

Where the parties diverge in their recitation of the relevant facts is whether Owen was drinking alcohol the day of the accident and whether he was intoxicated at the time of the accident.

## II.     Legal Analysis

Section 523(a)(9) of the Bankruptcy Code excepts from discharge any debt, "for death or personal injury caused by the debtor's operation of a motor vehicle, vessel or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance."[1]

> The three elements that must be proven under section 523(a)(9) are (1) the existence of a debt for death or personal injury; (2) caused by the operation of a motor vehicle, vessel or aircraft; (3) being operated unlawfully under state law due to the debtor's intoxication. For the debt to be nondischargeable, it is not necessary that the debtor's intoxication caused the injury; it is sufficient that the injury was caused by the operation of the motor vehicle, vessel or aircraft when

---

[1] 11 U.S.C. § 523(a)(9).

such operation was unlawful due to the debtor's intoxication.[2]

In the case before this court, only the third element is in question, so the court will not discuss elements one and two.

The party seeking to have a debt declared nondischargeable under § 523 bears the burden of proof and must prove his or her case by a preponderance of the evidence.[3] Exceptions to discharge are strictly construed against the creditor and liberally construed in favor of the debtor.[4]

In determining legal intoxication for purposes of § 523(a)(9), the court must apply state law.[5] Louisiana Revised Statute 14:98(A) states:

(1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:

(a) The operator is under the influence of alcoholic beverages; or

(b) The operator's blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or

(c) The operator is under the influence of any controlled dangerous substance listed on Schedule I, II, II, IV, or V as set forth in R.S. 40:964; or

(d)(i) The operator is under the influence of a combination of alcohol and one or more drugs which are not controlled dangerous substances and which are

---

[2] 4 Collier on Bankruptcy, 16th Ed. ¶ 523.15, citing *In re Wagner*, 2007 U.S. Dist. LEXIS 22769 (E.D.Pa. Mar. 29, 2007); *In re Tulloch,* 373 B.R. 370 (Bankr. D.N.J. 2007.

[3] *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Harwood*, 637 F.3d 615, 619 (5th Cir. 2011).

[4] *Harwood,* 637 F.3d at 619.

[5] *Whitson v. Middleton*, 898 F.2d 950, 952 (4th Cir. 1990); *In re Spencer*, 168 B.R. 142 (Bankr.N.D.Tex. 1994).

>  legally obtainable with or without a prescription.

> * * *

> (e)(i) The operator is under the influence of one or more drugs which are not controlled dangerous substances and which are legally obtainable with or without a prescription.

Often in a case seeking an exception to discharge under § 523(a)(9), there will be a criminal charge of some sort that the plaintiff uses to support his or her case, which makes the bankruptcy court's job relatively easy. Here, however, the defendant was not charged by any state or local authorities. The police were not called in connection with the accident. There is a boating accident report that is date stamped July 12, 2000 that was entered into evidence as an exhibit during the trial.[6] The report has a section where the person filling out the report could indicate the cause of the accident, with one of the options being alcohol use, and another being drug use. Neither of these sections, nor any other section in this part of the report were checked off.

The plaintiffs cite *State v. Parry,* 985 So.2d 771 (La.App. 1 Cir. 2008) for the proposition that:

> Intoxication with its attendant-behavioral manifestations is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated.

At trial, the plaintiffs relied on witness testimony to prove their case. Fawn testified that she personally witnessed Owen drinking beer at home that morning before the group left to go to the river. She also testified that he packed beer in the cooler that he took to the river and placed on

---

[6] Trial Exhibit 4.

4

the boat. She could not state how many cans or bottles of beer Owen may have consumed that day, and she stated that she could not tell if he was drunk.[7]

The second witness the plaintiffs intended to call, Samantha Lemoine, was not available the day of the trial, so the plaintiffs instead entered into evidence a transcript of deposition testimony given by Lemoine in preparation for a state court lawsuit brought against Owen for damages related to the accident.[8] As stated above, that suit did not go to trial, because Owen filed a petition under Chapter 7 of the Bankruptcy Code before the state court trial began. Although Lemoine was a party to the state court lawsuit in which she gave the deposition, she is not a party to the adversary proceeding before this court. In the deposition, Lemoine testified that she too had witnessed Owen drinking beer at home the morning of the accident, and that she had seen beer packed in the cooler that went with them to the river and onto the boat.[9]

Neither of the plaintiffs' witnesses testified that Owen was drinking while driving his truck to the Pearl River or while operating the boat.

Owen's evidence also consisted of witness testimony. Owen, his wife Monique, and his oldest daughter Mia all testified that Owen had not been drinking the day of the accident, either at home or on the boat. Owen's wife testified that there were only soft drinks, no beer and no liquor, in the cooler. Owen's daughter testified unequivocally that her father was not drinking alcohol that day and that there was no beer in the cooler.

---

[7] Fawn testified that she could not say if Owen had consumed one beer or 40 beers that day.

[8] That suit was brought in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, entitled Lynn Cuevas, et. al. v. Owens Construction Company, et.al., case number 2000-14554 c/w 2001-12869.

[9] Trial Exhibit 19.

The plaintiffs' brief, in addition to urging the court to accept the witness testimony as a basis for finding that Owen was intoxicated under Louisiana law on the day of the accident also points to several decisions Owen made that day that plaintiffs argue are an indication that Owen was intoxicated and exhibiting impaired judgment. This includes Owen having almost run the boat into the shore, moving the boat after taking the injured children to the hospital, and pulling several children behind the boat simultaneously while having only an 8 year old, who was on the boat, serve as a lookout while he drove. While these are all actions that exhibited poor judgment on Owen's part, the court finds that none of them rise to the level of proving that Owen must have been intoxicated to have performed them, as plaintiffs suggest.

The court finds that the plaintiffs have not carried their burden of proving that Owen was intoxicated by a preponderance of the evidence. All of the witnesses testifying were interested parties with a stake in the outcome of the litigation; there were no disinterested witnesses on one side or the other.[10] Given that the court is to construe the evidence against the creditor and in favor of the debtor, the court cannot find that the plaintiffs carried their burden. Accordingly, the case is dismissed.

New Orleans, Louisiana, September 8, 2011.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge

---

[10] As noted above, although Lemoine is not a party to this case, she was a party to the case in which her deposition testimony was given.